FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 16 PM 2:22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Mildred Henderson | CIVIL ACTION NO. 01-0138 |
| Plaintiff, | Section    Mag. |
| versus | COMPLAINT (Class Action)<br>(Jury Trial Endorsed) |
| Gregory M. Eaton<br>Defendant. | SECT. R MAG. 2 |

## COMPLAINT
### INTRODUCTION

1) This is a action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### JURISDICTION

2) Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

### Parties and Factual Allegation

3) Mildred Henderson ("Henderson ") is a natural person residing in New Orleans, Louisiana.

4) Defendant, Gregory Eaton, ("Eaton") is a lawyer engaged in the business of collecting debts in the State of Louisiana with his principal place of business located at 307 North Boulevard, Baton Rouge, Louisiana 70621-02020.

Complaint and Jury Demand                                                                 1

## CLASS ACTION

5) Plaintiff Mildred Henderson brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The class which Plaintiff represents is composed of debtors who are now or have been the subject of defendant's unlawful debt collection activities and practices complained of in this Complaint. There are common questions of law and fact affecting the rights of the members of this class who are and continue to be subjected to unfair and unlawful debt collection activities and practices of Defendant as pleaded in this Complaint. These questions predominate over any questions affecting only individual members of this class. These persons are so numerous that joinder of all members is impracticable. A common relief is sought. The interest of this class are adequately represented by Plaintiff. Defendant has acted on grounds generally applicable to the class. Under these circumstances, the common interest of the class is completely out-weighed by the desirability of concentrating the controversy in a single forum and a class action is superior to any other available method for the fair and efficient adjudication of this controversy. Eaton regularly attempts to collect debts alleged to be due another.

## STATEMENT OF CLAIM

6) On or about August 28, 2000, Eaton, while attempting to collect a debt allegedly owed by Henderson to Capital One Bank caused a communication ("Eaton Letter 1") to be mailed to the EEOC (Attn. Human Recourses) ("EEOC), Henderson's employer.

7) The FDCPA, 15 U.S.C. §1692a(2) defines "communication:"

> (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

8) Eaton Letter 1 is a communication as defined by the FDCPA, 15 U.S.C. §1692a(2).

9) EEOC received Eaton Letter 1 on or about August 21, 2000 (Exhibit A–attached).

10) On or about September 12, 2000, Eaton caused to be mailed to the EEOC a second communication by letter ("Eaton Letter 2") (**Exhibit B**) identical to Eaton Letter 1, except that Eaton Letter 2 had placed upon it in handwriting the words "*9/12 Second Request".

11) EEOC received Eaton Letter 2 on or about September 14, 2000.

12) The handwritten words ("*9/12 Second Request") are positioned near the top left hand margin of the Eaton Letter 2.

13) Eaton Letter 1 and Eaton Letter 2 request the following from the EEOC.

> "Please verify the employment of the person named above returning this form by facsimile to: (225) 378-3100; or by mail to: P.O. BOX 3001, Baton Rouge, LA 70821-3001.

14) Eaton Letter 1 and Eaton Letter 2 further requested the following information from the EEOC regarding Henderson:

EMPLOYED (Circle One)     YES          NO          WAGE SCALE:_____

TYPE OF EMPLOYMENT (Circle One) Full Time   Part Time     Casual

CORPORATE (FULL) NAME OF EMPLOYER_____

IF TERMINATED, CURRENT EMPLOYMENT _____

15) The FDCPA, 15 U.S.C. §1692a defines "debt collector:"

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> * * *

16) Eaton is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(4):

17) The FDCPA, 15 U.S.C. §1692a(3), defines "consumer:"

> (3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

18) Henderson is a consumer as defined by the FDCPA.

19) The purpose of Eaton's communication was to collect a "debt".

20) The FDCPA, 15 U.S.C. §1692a(5), defines "debt:"

> (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

21) Eaton was attempting to collect a "debt" as defined by the FDCPA.

22) The FDCPA, 15 U.S.C. §1692a(2) defines "communication:"

> (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

24) Eaton was acting as a debt collector communicating with a person other than the consumer-debtor (Ms. Henderson's employer—EEOC) for the purpose of acquiring information about the consumer.

25) 15 U.S.C. § 1692b permits the acquisition of location information under specifically prescribed predicates.

26) 15 U.S.C. § 1692b of The Fair Debt Collection Practice Act provides:

> § 1692b. Acquisition of location information
>
> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
> (4) not communicate by post card;
>
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

27) The FDCPA, 15 U.S.C. §1692a(7), defines "location information:"

> (7) The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

Complaint and Jury Demand                                                        6

28) Eaton violated 15 U.S.C. § 1692b of the Fair Debt Collection Practices Act by communicating with EEOC more than once.

29) Eaton further violated the above provisions of the FDCPA Act by requesting information from EEOC that are outside the perimeter of permissible inquiry when a debt collector is seeking "location information" under the FDCPA, including but not limited to inquiring as to Ms. Henderson's "wage scale", type of employment, corporate (full name), and date of termination (if terminated) from employment.

30) Plaintiff and the class she represents are now suffering and will continue suffer irreparable injury from Defendant's policies, practices, customs and usages as set forth in this Complaint.

WHEREFORE, Plaintiff Henderson and the class she represents respectfully prays that judgment be entered against the Defendant Eaton in the amount of:

a) actual damages;

b) statutory damages pursuant to 15 U.S.C. § 1692k.

c) costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

d) for such other and further relief as may be just and proper

Dated: December 19, 2000

Robert S. Abdalian

_[signature]_

Robert S. Abdalian TA
(LA Bar Number 2281)
337 Metairie Road--3rd Floor
Metairie, LA 70005
862-6076

Daria Burgess Diaz (Bar No. 179528)
337 Metairie Road--3rd Floor
Metairie, LA 70005

A. Bowdre Banks Jr. (Bar No. 2725)
650 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
504-524-7603

*Attorney For Plaintiffs*

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Robert S. Abdalian

_[signature]_

Robert S. Abdalian TA
(LA Bar Number 2281)
337 Metairie Road--3rd Floor
Metairie, LA 70005

EXHIBIT
A

August 28, 2000

EEOC
Attn: Human Resources
701 LOYOLA AVE
NEW ORLEANS, AL 70113

MILDRED HENDERSON
SS #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
165092-13

Please verify the employment of the person named above by returning this form by facsimile to: 225-378-3100; or by mail to: P.O. Box 3001, Baton Rouge, LA 70821-3001.

EMPLOYED (Circle One)     YES     NO     WAGE SCALE: _____

TYPE OF EMPLOYMENT (Circle One)     FULL-TIME     PART-TIME     CASUAL

CORPORATE (FULL) NAME OF EMPLOYER _____

IF TERMINATED, NAME OF PRESENT EMPLOYER _____

THANK YOU,

*Greg Eaton*
Gregory M. Eaton
225-378-3113

poever



August 28, 2000

X 9/12  Second Request

EEOC
Attn: Human Resources
701 LOYOLA AVE
NEW ORLEANS, AL 70113

                                        MILDRED HENDERSON
                                        SS #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
                                        165092-13

Please verify the employment of the person named above by returning this form by facsimile to: 225-378-3100; or by mail to: P.O. Box 3001, Baton Rouge, LA 70821-3001.

EMPLOYED  (Circle One)        YES        NO     WAGE SCALE: _____

TYPE OF EMPLOYMENT  (Circle One)     FULL-TIME     PART-TIME     CASUAL

CORPORATE (FULL) NAME OF EMPLOYER _____

IF TERMINATED, NAME OF PRESENT EMPLOYER _____

                                                                    THANK YOU,

                                                                    Gregory M. Eaton
                                                                    225-378-3113

poever