FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 16 PM 5: 01

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Mildred Henderson** | CIVIL ACTION NO. 01-0138 |
| Plaintiff, | Section R  Mag. 2 |
| versus | **AMENDED COMPLAINT** (Class Action) |
| | **(Jury Trial Endorsed)** |
| **Gregory M. Eaton** | |
| Defendant. | |

## AMENDED COMPLAINT
### INTRODUCTION

1) This is a action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### JURISDICTION

2) Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

### Parties and Factual Allegation

3) Mildred Henderson ("Henderson ") is a natural person residing in New Orleans, Louisiana.

4) Defendant, Gregory Eaton, ("Eaton") is a lawyer engaged in the business of collecting consumer debts owed to others in the State of Louisiana with his principal place of business located at 307 North Boulevard, Baton Rouge, Louisiana  70621-02020.



Amended Complaint and Jury Demand                                                                 1

## CLASS ACTION

5) Plaintiff Mildred Henderson brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The class which Plaintiff represents is composed of debtors who are now or have been the subject of defendant's unlawful debt collection activities and practices complained of in this Complaint.

6) Plaintiff tentatively defines the class as all persons who, during the one year prior to the filing of this complaint to date, were sent letters or presently to be sent letters similar to Exhibit A and Exhibit B.

7) Plaintiff may subsequently refine the class definition in light of discovery.

8) The class is so numerous that joinder of all members is impractical. On information and belief, letters similar to Exhibit A and Exhibit B have been sent to hundreds of consumers by Defendant Eaton.

9) There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.

10) The principal question is whether defendant's conduct is a pattern or practice comprising a uniform policy applied against the plaintiff, Henderson, and the other as yet unnamed plaintiffs, in connection with the mailing of Exhibit A, Exhibit B, and similar letters to plaintiff's employer in violation of the FDCPA.

11) There are no individual questions, other than whether a class member's employer(s) received one of the offending letters, which can be determined by ministerial inspection of defendants' records.

12) Plaintiff will fairly and adequately protect the interests of the class. She is committed to vigorously litigating this matter. She is greatly annoyed at being the victim of defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained counsel experienced in handling class claims and claims involving unlawful business practices. Neither plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

13) Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

14) A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the affected consumers have no knowledge that their rights are being violated by illegal collection practices alleged herein. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, for securities fraud.

## STATEMENT OF (HENDERSON'S) CLAIM

15) On or about August 28, 2000, Eaton, while attempting to collect a debt allegedly owed by Henderson to Capital One Bank caused a communication ("Eaton Letter 1") to be mailed to the EEOC (Attn. Human Recourses) ("EEOC), Henderson's employer.

16) The FDCPA, 15 U.S.C. §1692a(2) defines "communication:"

> (a) (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

17) Eaton Letter 1 is a communication as defined by the FDCPA, 15 U.S.C. §1692a(2).

18) EEOC received Eaton Letter 1 on or about August 21, 2000 (**Exhibit A**–attached).

19) On or about September 12, 2000, Eaton caused to be mailed to the EEOC a second communication by letter ("Eaton Letter 2") (**Exhibit B**) identical to Eaton Letter 1, except that Eaton Letter 2 had placed upon it in handwriting the words "*9/12 Second Request".

20) EEOC received Eaton Letter 2 on or about September 14, 2000.

21) The handwritten words ("*9/12 Second Request") are positioned near the top left hand margin of the Eaton Letter 2.

22) Eaton Letter 1 and Eaton Letter 2 request the following from the EEOC.

> "Please verify the employment of the person named above returning this form by facsimile to: (225) 378-3100; or by mail to: P.O. BOX 3001, Baton Rouge, LA 70821-3001.

23) Eaton Letter 1 and Eaton Letter 2 further requested the following information from the EEOC regarding Henderson:

> EMPLOYED (Circle One)     YES          NO          WAGE SCALE:_____
>
> TYPE OF EMPLOYMENT (Circle One) Full Time   Part Time     Casual
>
> CORPORATE (FULL) NAME OF EMPLOYER_____
>
> IF TERMINATED, CURRENT EMPLOYMENT _____

24) The FDCPA, 15 U.S.C. §1692a defines "debt collector:"

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--

\* \* \*

25) Eaton is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(4):

26) The FDCPA, 15 U.S.C. §1692a(3), defines "consumer:"

> (3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

27) Henderson is a consumer as defined by the FDCPA.

28) The purpose of Eaton's communication was to collect a "debt".

29) The FDCPA, 15 U.S.C. §1692a(5), defines "debt:"

> (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

30) Eaton was attempting to collect a "debt" as defined by the FDCPA.

31) The FDCPA, 15 U.S.C. §1692a(2) defines "communication:"

> (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

32) Eaton was acting as a debt collector communicating with a person other than the consumer-debtor (Ms. Henderson's employer—EEOC) for the purpose of acquiring information about the consumer.

33) 15 U.S.C. § 1692b permits the acquisition of location information under specifically prescribed predicates.

34) 15 U.S.C. § 1692b of The Fair Debt Collection Practice Act provides:

> § 1692b. Acquisition of location information
>
> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
> (4) not communicate by post card;
>
> (5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

35) The FDCPA, 15 U.S.C. §1692a(7), defines "location information:"

> The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

36) Eaton violated 15 U.S.C. § 1692b of the Fair Debt Collection Practices Act by communicating with EEOC more than once.

37) Eaton further violated the above provisions of the FDCPA Act by requesting information from EEOC that are outside the perimeter of permissible inquiry when a debt collector is seeking "location information" under the FDCPA, including but not limited to inquiring as to Ms. Henderson's "wage scale", type of employment, corporate (full name), and date of termination (if terminated) from employment.

38) Plaintiff and the class she represents are now suffering and will continue suffer irreparable injury from Defendant's policies, practices, customs and usages as set forth in this Complaint.

39) As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff Henderson and the class she represents respectfully prays that judgment be entered against the Defendant Eaton for the following:

a) Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the FDCPA.

b) actual damages;

c) statutory damages pursuant to 15 U.S.C. § 1692k.

d) costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

e) for such other and further relief as may be just and proper

Dated: April 16, 2001

Robert S. Abdalian

Robert S. Abdalian TA
(LA Bar Number 2281)
337 Metairie Road--3rd Floor
Metairie, LA 70005

Daria Burgess Diaz (Bar No. 179528)
337 Metairie Road--3rd Floor
Metairie, LA 70005

A. Bowdre Banks Jr. (Bar No. 2725)
650 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
504-524-7603

*Attorney For Plaintiffs*

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Robert S. Abdalian

Robert S. Abdalian TA
(LA Bar Number 2281)
337 Metairie Road--3rd Floor
Metairie, LA 70005
TEL: 504.862.6076
FAX: 212.504.9502