FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 23  PM 1:02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MILDRED HENDERSON

VERSUS

GREGORY M. EATON

CIVIL ACTION

NO: 01-0138

SECTION: "R"(2)

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.  For reasons set forth below, the Court denies both motions.

## I.  Background

On January 16, 2001, plaintiff Mildred Henderson brought suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against defendant Gregory Eaton alleging that the defendant sent two letters to her employer in violation of the Act. Plaintiff asserts that Easton wrote two identical letters to her employer, the Equal Employment Opportunity Commission, asking for confirmation of her employment, her wage scale, type of employment, and the full name of her employer, if she had been terminated.  She

DATE OF ENTRY
AUG 2 3 2001

asserts that the letters were written as part of an effort to collect a debt owed by plaintiff to Capital One.

On April 16, 2001, plaintiff moved to certify a class of all persons in the United States who, during the one year prior to the filing of this action, had similar letters sent to their employers from defendant. On May 2, 2001, defendant submitted an offer of judgment of $1000 to plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. The $1000 was the maximum amount plaintiff could recover under the FDCPA. Plaintiff did not respond to the offer. On June 25, 2001, defendant moved to dismiss under FRCP 12(b)(6), asserting failure to state a claim under FDCPA, and under FRCP 12(b)(1), claiming a lack of subject matter jurisdiction.

In her complaint, plaintiff alleges, on behalf of herself and a proposed class, that defendant is a debt collector who violated the FDCPA by communicating with her employer more than once and by requesting information from her employer that was outside the scope of permissible inquiry under the Act.  (*See* Compl. ¶ 36, 37). Plaintiff seeks a declaratory judgment that the defendant's conduct violated the FDCPA, declaratory and injunctive relief for defendant's violations, actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and attorney's fees.  (*See id.* ¶ 39).

2

## II. Discussion

### A. Rule 12(b)(6)

Defendant first argues that this case should be dismissed for failure to state a claim. In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

Plaintiff alleges that defendant's letters requested information from a third party in violation of § 1692c(b). Under Section 1692c(b), except to obtain "location information" under § 1692b, a debt collector may not communicate with a third party regarding the collection of a debt without the prior consent of the consumer, the express permission of a court, or unless reasonably necessary to effectuate a post-judgment judicial remedy. *See* 15 U.S.C. § 1692c(b). Moreover, § 1692b contains strict limitations and requirements that a debt collector must comply with in order to

3

obtain even location information about the consumer from third parties. Defendant moves to dismiss this claim, arguing that the letters in question were not a "communication" within the meaning of the Act because they did not indicate that the purpose of the letters was debt collection.

Under the Act, a "communication" is "the conveying of information regarding a debt directly or indirectly to any person through any medium." *See* 15 U.S.C. § 1692a(2). Defendant's letters requested five items of information: whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer. (*See* Am. Compl. at ¶ 23). The letters did not mention any debt. Thus, the Court must determine whether a request for information of the type mentioned falls within the definition of "communication" under § 1692a(2).

Defendant relies on *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998). In *Bailey*, the Seventh Circuit found that a letter sent by defendants to plaintiffs informing plaintiffs of future due dates on an account on which plaintiffs were not overdue was not a "communication" under the Act because it did relate to the collection of a debt. The Court finds that *Bailey is* distinguishable because the communication in *Bailey* was from the defendants to the debtors, not to a third party. The

4

FDCPA regulates a debt collector's contacts with both the debtor and third parties. *See Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 1490 (1995). Thus, the *Bailey* plaintiffs challenged defendants' letter as violating provisions of the FDCPA that required defendants to inform them that they could obtain verification of their debt in writing within 30 days, and to disclose that defendants were attempting to collect a debt and that any information obtained would be used for that purpose. *See* 15 U.S.C. §§ 1692g & 1692e(11). Here, plaintiffs are alleging a violation of § 1692b, which permits a debt collector to seek only location information from third parties and then only under strict limits. *See* 15 U.S.C. § 1692b(2). Therefore, the Court finds *Bailey* distinguishable.

Defendant's argument that its letters pass statutory muster because they do not suggest a debt collection purpose fails under a proper reading of the statute. First, under § 1692c(b), defendant may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692b. To be prohibited, the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection. Further, "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).

5

Defendant's request for earnings information and its inquiry whether plaintiff was currently employed, and if not, the name of her present employer, could imply the existence of a debt. Moreover, section 1692(b) expressly prohibits the debt collector from mentioning that "the consumer owes any debt" and from identifying himself as a debt collector when he seeks location information. This provision would make no sense if defendant's argument were correct that a letter to a third party seeking location information must indicate a debt collection purpose in order to be subject to the Act. *See West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C. 1998).*

The Court likewise rejects defendant's argument that his letters did not request "location information" from plaintiff's employer and therefore he did not need to comply with the FDCPA's restrictions governing requests for this type of information. "Location information" is defined as a "consumer's place of abode or his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7). Defendant's letters requested plaintiff's place of employment and are covered by the requirements of 15 U.S.C. § 1692b. Under § 1692b, a debt collector may not communicate with a third party more than once unless requested to do so by the third party or unless the debt collector reasonably believes that the earlier response of the third party was erroneous

6

or incomplete and that the third party now has correct or complete location information. *See* 15 U.S.C. § 1692b(3). Plaintiff alleges that defendant failed to comply with this provision because he communicated with her employer more than once. Therefore, plaintiff states a claim upon which relief may be granted under the FDCPA.

**B. Rule 12(b)(1)**

Defendant claims that plaintiff's claim is moot and the Court must dismiss the case in its entirety for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (*See* Def.'s Mot. Dismiss at 9). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A district court may dismiss a case for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.22d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, the plaintiff bears the

7

burden of demonstrating that subject matter jurisdiction exists.
*See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Defendant argues that this case should be dismissed for lack
of subject matter jurisdiction because defendant offered plaintiff
a "Rule 68 offer of judgment" for the statutory maximum in damages
under the FDCPA[1]. (Def.'s Mot. Dismiss at 7). Defendant relies on
cases in which courts have dismissed a plaintiff's action when he
refuses an offer to satisfy his entire demand. *See Rand v.*
*Monsanto Company*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the
defendant offers to satisfy the plaintiff's entire demand, there is
no dispute over which to litigate [citation omitted] and a
plaintiff who refuses to acknowledge this loses outright, under
FRCP 12(b)(1), because he has no remaining debt.").

An offer of judgment made to a class representative raises
difficulties not present when the offeree acts only on his own

---

[1]Rule 68, entitled Offer of Judgment, states in relevant
part: At any time more than 10 days before the trial begins, a
party defending against a claim may serve upon the adverse party
an offer to allow judgment to be taken against him for the money
or property or to the effect specified in his offer, with costs
then accrued. If within 10 days after the service of the offer
the adverse party serves written notice that the offer is
accepted, either party may then file the offer and notice of
acceptance together with proof of service thereof and thereupon
the clerk shall enter judgment. An offer not accepted shall be
deemed withdrawn and evidence thereof is not admissible except in
a proceeding to determine costs. If the judgment finally
obtained by the offeree is not more favorable than the offer, the
offeree must pay the costs incurred after the making of the
offer...

behalf. *See Gay v. Waiters' and Dairy Lunchmen's Union Local No.30,* 86 F.R.D. 500, 502 (N.D. Cal. 1980) (refusing to impose costs under Rule 68 when class representative refused an offer of judgment and court found defendants not liable); *Silva v. Nat'l Telewire Corp.*, 2000 WL 1480269, *1 (D. N.H. 2000). Here, the named plaintiffs moved for class certification before defendants made an offer of judgment. The Court must decide whether an offer of judgment moots the named plaintiff's claim while class certification is still pending and, if so, whether the entire action should be dismissed. The United States Supreme Court considered these issues in *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 100 S. Ct. 1166, 63 L.Ed.2d 427 (1980) *and United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S. Ct. 1202, 63 L.Ed.2d 479 (1980).

In *Roper*, plaintiffs tried to appeal the district court's denial of class certification after defendant tendered to plaintiffs the maximum amount of their personal claims and the district court entered judgment for the amount tendered and dismissed the action over plaintiffs' objections. *Roper*, 445 U.S. at 329. The Supreme Court considered the specific issue of whether plaintiffs' individual and private case or controversy became moot by reason of the defendant's tender or the entry of judgment in plaintiffs' favor. *Id.* at 332. The Court held that neither the

9

rejected tender nor the dismissal of the action mooted plaintiffs' private case or controversy on the merits as long as plaintiffs retained an economic interest in class certification. *Id.* at 333. The Court found that plaintiffs asserted a continuing economic interest in the class certification issue by virtue of their desire to shift part of the litigation costs to the class if the class were certified and it prevailed. The Court also said that a defendant's confession of judgment on less than all of the issues does not moot an entire case. *See also Geraghty,* 445 U.S. at 404 (named plaintiff whose personal claim had expired still retained a "personal stake" in the class certification issue.)

The Fifth Circuit thereafter considered a case very similar to this one. *See Zeidman v. Ray McDermott & Co., Inc.,* 651 F.2d 1030 (5th Cir. 1981). In *Zeidman,* two plaintiffs filed a motion for certification of a class action. The district court denied the motion without prejudice to assert additional evidence on a pivotal issue. On the day the plaintiffs submitted additional evidence, the defendants tendered the named plaintiffs the maximum amount of their personal claims and moved to dismiss the action for mootness. The plaintiffs rejected the tender but the court dismissed their personal claims and dismissed the entire action. *Id.* at 1036. Upon review, the Fifth Circuit considered whether a purported but uncertified class action should be dismissed for mootness upon

10

tender to the named plaintiffs of their personal claims, despite the existence of what it characterized as "a timely filed and diligently pursued pending motion for class certification." *Id.* at 1041.

The Fifth Circuit held that the central issue was whether the district court had before it some plaintiff with a personal stake in the controversy. Relying on *Roper* and *Geraghty*, the Fifth Circuit concluded that the named plaintiffs still had a personal stake in the controversy, despite their personal claims having been paid, because they (1) asserted an economic interest in the certification issue and (2) vigorously advocated their right to class certification. *Id.* at 1043. Accordingly, the Fifth Circuit found that plaintiffs had standing to appeal the certification issue. The court further concluded that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, "at least, when...there is pending before the district court a timely filed and diligently pursued motion for class certification." *Id.* at 1051.

The *Zeidman* court recognized that a suit brought as a class action must, as a general rule, be dismissed for mootness when the personal claims of named plaintiff's are satisfied and no class has been certified. *See id.* at 1045. However, the Court held that this rule, "must yield when the district court is unable to rule on

11

class certification before individual claims of named plaintiffs become moot." *Id*. *Ziedman* recognized that allowing defendants to moot pending class actions by tendering the maximum amount recoverable to the named plaintiffs could place the class action remedy totally at the mercy of defendants. *Zeidman* relied on *Susman v. Lincoln*, 587 F.2d 866 (7th Cir. 1978), *cert. denied*, 445 U.S. 942, 100 S. Ct. 1336, 63 L.Ed.2d 775 (1980), in which the Seventh Circuit observed:

> "If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification.  If a tender made to the individual plaintiff while the motion for certification is pending could prevent courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate."

*Id*.

Despite case law from the Supreme Court and the Fifth Circuit, defendants cite *Wilner v. OSI Collection Serv.*, 198 F.R.D. 393 (S.D.N.Y. Jan. 3, 2001), and *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000) for the proposition that this Court should dismiss this case for lack of subject matter jurisdiction because the named plaintiff's claim became moot when defendants made an offer of judgment. (Def.'s Mot. Dismiss at 9). *Ambalu* can be distinguished from this matter because the plaintiff in *Ambalu* did not move for class certification before defendants made a Rule 68 offer of

12

judgment.  *See Ambalu*, 194 F.R.D. at 453.  This distinction is relevant because, without a motion for class certification, the *Ambalu* court did not face the problem articulated in *Susman* of allowing the defendants to dictate whether the court even heard the motion for certification.

In *Wilner*, on the other hand, plaintiffs did move for class certification before the defendants made an offer of judgment. *Wilner*, 198 F.R.D. at 395.  However, the *Wilner* court denied class certification because plaintiff failed to satisfy the numerosity requirement of Rule 23.  The court therefore was not faced with this issue of a pending class certification motion.

This Court considers this matter in light of Fifth Circuit's decision in *Zeidman*. Here, plaintiff filed a motion to certify the class action on April 16, 2001.  Defendants made them an offer of judgment on May 2, 2001, which plaintiff did not accept.  If this Court were to dismiss this action for lack of subject matter jurisdiction, it would not be able to reach the question of class certification.  Therefore, it is clear that this case falls under *Zeidman* and *Susman*.  Therefore, plaintiff's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is denied.

### III.  Conclusion

For all of the foregoing reasons, the Court denies defendant's

13

motion to dismiss pursuant to Rule 12(b)(6) and defendant's motion to dismiss pursuant to Rule 12(b)(1).

New Orleans, Louisiana, this __23__ day of August, 2001.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

14